IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HANK DRAGER, individually and on behalf of all others similarly situated, | ) ) ) | CLASS ACTION |
| Plaintiff, | ) ) | Case No.  1:10-cv-693 |
| vs. | ) ) ) | |
| ILLINOIS NATIONAL BANK | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff HANK DRAGER ("Drager"), by his counsel, and for his complaint against

Defendant ILLINOIS NATIONAL BANK ("Illinois National") alleges and states as follows:

### PARTIES

1.      Plaintiff is an Illinois citizen and resides in this district.

2.      Defendant is a bank with its principal place of business in this district.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction in the cause pursuant to 28 U.S.C. § 1331 because this

action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*. and

Regulation E, 12 C.F.R. § 205.1 *et seq*.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the

transactions at issue occurred in this district, Plaintiff resides in this district, and the transaction

giving rise to this cause of action occurred in this district.

### STATUTORY AND REGULATORY AUTHORITY

5.      The Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA"), and its

implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine

("ATM") operator to provide notice to consumers that the operator will impose a fee on

consumers for conducting a transaction at an ATM and the amount of such a fee.

6.      Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an

ATM operator disclose (a) on the ATM, that a fee will be imposed ("Posted Fee Notice") and (b)

on the ATM screen, that a fee will be imposed and the amount of such a fee.

7.      Section 15 U.S.C. § 1693b(d)(3)(C) of the EFTA, and section 12 C.F.R. §

205.16(e) of Regulation E, prohibit the imposition of a fee for using an ATM if the foregoing

notice requirements are not met.

## FACTS

8.      On January 19, 2010, Plaintiff used automated teller machine ("ATM") number

IL8001 ("ATM IL8001"), located at 2700 Ogden Avenue, Downers Grove, IL 60515.

9.      On January 19, 2010, Plaintiff was charged $1.50 to withdraw money from ATM

IL8001.

10.      On January 19, 2010, there was no Fee Notice posted on or near ATM IL8001

that disclosed that users would be charged any fee for using ATM IL8001.

11.      At all time relevant hereto, Defendant owns and maintains ATM IL8001 and

therefore, is an ATM operator.

## COUNT I

### VIOLATION OF EFTA AND REGULATION E

12.      Plaintiff re-alleges and incorporates by reference paragraphs 1-11.

13.      Plaintiff brings this Count on behalf of himself and a Class of all persons who

were charged a transaction fee for the use of ATM IL8001, located at 2700 Ogden Avenue,

Downers Grove, IL 60615.

14.     On information and belief, the putative Class consists of hundreds of persons and is so numerous that joinder of all putative Class members, whether otherwise required or permitted, is impracticable. The identity and actual number of putative Class members is in the exclusive control of Defendant.

15.     Questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

> a.  Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during that class period that imposed a fee on consumers for providing host transfer services to those consumers; and
>
> b.  Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

16.     Plaintiff's claims are typical of the claims of the putative Class members, including:

> a.  Plaintiff and all putative Class members used an ATM operated by Defendant;
>
> b.  Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative Class members; and
>
> c.  Defendant illegally imposed a fee on Plaintiff and all putative Class members for their respective use of ATM IL8001.

17.     Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

18.     Questions of law or fact common to the putative class predominate over any questions affecting only individual putative Class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

19.     This Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

20.     The size of each putative Class member's actual damages is too small to make individual litigation an economically viable option.

21.     Plaintiff anticipates no unusual difficulties in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative Class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

22.     Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

23.     Defendant was the operator of ATM IL8001 at all times relevant to this action.

24.     Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative Class members.

25.     Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant therefore illegally imposed a fee on Plaintiff and all putative Class members for their respective use of ATM IL8001.

WHEREFORE, Plaintiff, individually and on behalf of the putative Class, requests that this Court enter judgment in his favor and against Defendant ILLINOIS NATIONAL BANK and award the following relief:

A.      Actual and statutory damages as set forth in the EFTA and Regulation E;

B.      Attorneys' fees and costs of suit; and

C.      Such other relief as this Court deems proper.


Respectfully Submitted,



By: */s/Kenneth M. DucDuong*_____
        Kenneth M. DucDuong



*Counsel for Plaintiff*:

    Kenneth M. DucDuong
    KMD LAW OFFICE
    1055 W. Catalpa Ave. #216
    Chicago, IL 60640
    Tel.: (773) 561-6587
    Fax: (773) 751-5065
    ARDC # 6286069 (IL)


    Alexander H. Burke
    BURKE LAW OFFICES, LLC
    155 N. Michigan Ave., Suite 9020
    Chicago, IL 60601
    (312) 729-5288
    (312) 729-5289 (fax)
    ABurke@BurkeLawLLC.com
    ARDC# 6281095 (IL)

**JURY DEMAND**

Plaintiff demands trial by a jury on all issues so triable.

*/s/Kenneth M. DucDuong*
Kenneth M. DucDuong
One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

Kenneth M. DucDuong
KMD LAW OFFICE
1055 W. Catalpa Ave. #216
Chicago, IL 60640
Tel.: (773) 561-6587
Fax: (773) 751-5065
ARDC # 6286069 (IL)

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
ARDC# 6281095 (IL)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendants take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party called in association with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*/s/Kenneth M. DucDuong*
Kenneth M. DucDuong
One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

Kenneth M. DucDuong
KMD LAW OFFICE
1055 W. Catalpa Ave. #216
Chicago, IL 60640
Tel.: (773) 561-6587
Fax: (773) 751-5065
ARDC # 6286069 (IL)

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
ARDC# 6281095 (IL)